**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOUIS E. BORRERO,                          :
                                           :   Civil Action No. 07-1706 (JLL)
                   Plaintiff,              :
                                           :
            v.                             :       **OPINION**
                                           :
WARDEN EDMOND C. CICCHI,                    :
et al.,                                    :
                                           :
                   Defendants.             :

**APPEARANCES:**

        LOUIS E. BORRERO, Plaintiff <u>pro se</u>
        # 37323
        Middlesex County Jail
        P.O. Box 266
        New Brunswick, New Jersey 089037032

**LINARES**, District Judge

        Plaintiff Louis E. Borrero ("Borrero"), currently confined
at the Middlesex County Jail ("MCJ") in New Brunswick, New
Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to
42 U.S.C. § 1983, alleging violations of his constitutional
rights.  Based on his affidavit of indigence and the absence of
three qualifying dismissals within 28 U.S.C. § 1915(g), the Court
will grant plaintiff's application to proceed <u>in forma pauperis</u>
pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the
Court to file the Complaint.

        At this time, the Court must review the Complaint pursuant
to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be allowed to proceed in part.

I.  <u>BACKGROUND</u>

Borrero brings his civil rights action against the following defendants: Warden Edmond C. Cicchi; CFG Health System (medical care providers at MCJ); Joyce Pirre (director of the MCJ medical unit and social services); Correctional Officer ("CO") Pablo Tapia; CO Arthur Brown; CO Joseph Ware; CO Joseph Graffagnino; CO Michael Signorile; and CO Sanchez.  (Complaint, Caption).  It appears that Borrero is a pretrial detainee currently confined at MCJ.

In his Complaint, Borrero alleges that, on October 15, 2006, while he was housed in Upper D Pod at the MCJ, there was an altercation between two inmates, which quickly dissipated. However, dozens of correctional officers rushed in and started punching and kicking inmates, including plaintiff.  Defendant Officers Ware, Tapia, Pablo and Brown simultaneously punched and kicked Borrero.  When Borrero tried to run, Officer Graffagnino grabbed plaintiff and threw him on top of a table, while Officer Signorile hit plaintiff with a chair.  Borrero further claims

that Officer Sanchez hit him when plaintiff asked his name.[1]
(Compl., ¶ 6 and Certification of Louis E. Borrero).

As a result of this altercation, Borrero was charged with
institutional violations and found guilty.  He was also charged
in state criminal court for the same offenses.  (Id.)

Borrero also claims that he was denied treatment for the
injuries he sustained in the attack.  He was placed in lock-up
for 24 hours a day with no privileges to make a phone call or
visitation.  When Borrero was taken for fingerprinting on the
charges, they did not take his photograph so as to hide the fact
that he was injured.  Plaintiff claims that he sustained two
black eyes, a broken nose, and injury to his knee.  Because he
did not receive treatment, Borrero alleges that his nose is not
healing right, he cannot see from his left eye, he has an echo
sound in his ears, his knee locks in a strange position, and his
neck cannot be moved to the sides.  (Id.)  Borrero further
alleges that he filed numerous grievances with the Warden and the
medical department at MCJ, but did not receive any medical
treatment, nor was the attack by the officers investigated as he
requested.  He also filed a tort claim against the correctional

---

[1]  Borrero states that the officer's name was covered with
tape.  Borrero also states that the officer gave him the name
"Crandall" when plaintiff asked, but plaintiff now claims that
the officer's name is Sanchez.  (Borrero Certification at ¶ 6).
The Court notes that the warrants issued against plaintiff, which
plaintiff attaches to his Complaint, show the name of the
Complainant as "Sgt. John Crandall".

officers, but has had no response.  (Compl., ¶¶ 5, 6 and attachments).

Borrero seeks more than $50,000 in damages from each named defendant.  In addition to monetary damages, Borrero seeks injunctive-type relief on the excessive force claim and denial of medical claim.  Namely, he asks that correctional officers be reprimanded and/or dismissed from their jobs, and that the current medical health systems be voided and the County sanctioned for their failure to provide him medical care after the incident occurred.  Finally, Borrero asks that the state criminal charges against him be dismissed on the ground of double jeopardy since he already was found guilty of the institutional charges.  (Compl., ¶ 7).

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

4

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton

5

v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d
229 (3d Cir. 2004)(complaint that satisfied notice pleading
requirement that it contain short, plain statement of the claim
but lacked sufficient detail to function as a guide to discovery
was not required to be dismissed for failure to state a claim;
district court should permit a curative amendment before
dismissing a complaint, unless an amendment would be futile or
inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103,
108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.
§ 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.
2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v.
Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

     Plaintiff brings this action pursuant to 42 U.S.C. § 1983
alleging violations of his civil rights guaranteed under the
United States Constitution.  Section 1983 provides in relevant
part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

It would appear that all of the named defendant officers and the Warden are state actors because they are employed as correctional officials at the MCJ.  In addition, defendant CFG Health Systems and medical director Joyce Pirre are alleged to have an agency relationship with the State to provide medical care to inmates confined at MCJ.  Therefore, it appearing that all defendants may be persons acting under color of state law in this instance, the Court will review the claims asserted in the Complaint to determine whether plaintiff has sufficiently alleged a cognizable claim(s) upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2) and 1915A.

IV.   ANALYSIS

A.   Excessive Force Claim

Plaintiff's claim against the named correctional officers may be construed as an excessive force claim in violation of the Fourteenth Amendments, because it appears that Borrero is a pre-trial detainee.

A pre-trial detainee is protected by the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520,

535, n.16, 545 (1979); <u>City of Revere v. Massachusetts General</u>
<u>Hospital</u>, 463 U.S. 239, 244 (1983); <u>Fuentes v. Wagner</u>, 206 F.3d
335, 341 n.7, 9 (3d Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 821 (2000);
<u>Monmouth County Correctional Institutional Inmates v. Lanzaro</u>,
834 F.2d 326, 346 n.31 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S.
1006 (1988).

Analysis of whether a detainee or un-sentenced prisoner has
been deprived of liberty without due process is governed by the
standards set out by the Supreme Court in <u>Bell v. Wolfish</u>, 441
U.S. 520 (1979). <u>Fuentes</u>, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or
> restrictions of pretrial detention that implicate only the
> protection against deprivation of liberty without due
> process of law, we think that the proper inquiry is whether
> those conditions amount to punishment of the detainee. For
> under the Due Process Clause, a detainee may not be punished
> prior to an adjudication of guilt in accordance with due
> process of law. ...
>
> Not every disability imposed during pretrial detention
> amounts to "punishment" in the constitutional sense,
> however. Once the government has exercised its conceded
> authority to detain a person pending trial, it obviously is
> entitled to employ devices that are calculated to effectuate
> this detention. ...
>
> A court must decide whether the disability is imposed
> for the purpose of punishment or whether it is but an
> incident of some other legitimate governmental purpose.
> Absent a showing of an expressed intent to punish on
> the part of detention facility officials, that
> determination generally will turn on "whether an
> alternative purpose to which [the restriction] may
> rationally be connected is assignable for it, and
> whether it appears excessive in relation to the
> alternative purpose assigned [to it]." Thus, if a
> particular condition or restriction of pretrial
> detention is reasonably related to a legitimate

8

governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees. ...

Bell, 441 U.S. at 535-39 (citations omitted). The Supreme Court further explained that the government has legitimate interests that stem from its need to maintain security and order at the detention facility. "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial." Id. at 540. Retribution and deterrence, however, are not legitimate nonpunitive governmental objectives. Id. at 539 n.20. Nor are grossly exaggerated responses to genuine security considerations. Id. at 539 n.20, 561-62.

Under this standard, for purposes of surviving dismissal at this preliminary stage, plaintiff has adequately alleged that the defendants used excessive force against him in violation of his constitutional rights. The allegations may support a claim that plaintiff was beaten, punched and kicked repeatedly for no apparent reason other than to "punish" him. While it appears that plaintiff was charged for aggravated assault and for creating a physically dangerous condition, the Court must, at

this early stage, give plaintiff the benefit of all favorable inferences.  Accordingly, under the circumstances as alleged by Borrero, if true, plaintiff may be able to prove that the defendants' actions were a grossly exaggerated response. Therefore, the excessive force claim, if based on the Due Process Clause of the Fourteenth Amendment, will be allowed to proceed past the *sua sponte* screening stage.[2]

B.   Denial of Medical Care Claim

Next, Borrero alleges that he was denied medical care for no legitimate medical reason, namely, to hide the fact that plaintiff was assaulted and severely injured by the correctional officers.  He further alleges that he repeatedly sought medical treatment, but was ignored.

For pretrial detainees, denial of medical care claims also are considered under the due process clause of the Fourteenth Amendments, rather than the Eighth Amendment.  See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983)(holding that the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, controls the issue of whether prison officials must provide medical care to those

---

[2]   To the extent that plaintiff is asserting a common law tort claim of assault against these individual correctional officers, the Court finds that supplemental jurisdiction may be exercised under 28 U.S.C. § 1367(a) because the assault claim is related to the Fourteenth Amendment excessive force claim, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

confined in jail awaiting trial); <u>Hubbard v. Taylor</u>, 399 F.3d
150, 158 (3d Cir. 2005); <u>Fuentes</u>, 206 F.3d at 341 n.9; <u>Monmouth
County Correctional Institutional Inmates v. Lanzaro</u>, 834 F.2d
326, 346 n.31 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).
<u>See also</u> <u>Montgomery v. Ray</u>, 145 Fed. Appx. 738, 740, 2005 WL
1995084 (3d Cir. 2005)(unpubl.)("the proper standard for
examining such claims is the standard set forth in <u>Bell v.
Wolfish</u>, ...; <i>i.e.</i> whether the conditions of confinement (or
here, inadequate medical treatment) amounted to punishment prior
to adjudication of  guilt....") (citing <u>Hubbard</u>, 399 F.3d at
158).  In <u>Hubbard</u>, the Third Circuit clarified that the Eighth
Amendment standard only acts as a floor for due process inquiries
into medical and non-medical conditions of pretrial detainees.
399 F.3d at 165-67.

In this case, Borrero alleges that he was denied medical
care, despite numerous requests, for no legitimate reason other
than to punish him and cover-up the injuries plaintiff sustained
at the hands of the corrections officers.  Plainly, this
allegation, if true, may be excessive in relation to any stated
purpose of jail security and administration, even if plaintiff
had been involved in the altercation, and a court may infer that
the refusal of treatment was intended as punishment.  <u>See</u> <u>Hubbard
v. Taylor</u>, 399 F.3d 150, 158-63 (3d Cir. 2005); <u>Newkirk v.
Sheers</u>, 834 F. Supp. 772, 781 (E.D.Pa. 1993).  Therefore, the

Court will allow this claim alleging denial of medical care to proceed at this time.

C.   Claim Seeking Dismissal of State Charges

Borrero also contends that his state charges should be dismissed based on a claim of double jeopardy because he was found guilty on the institutional charges.

This claim must be raised in plaintiff's pending criminal proceedings in state court; a federal court generally will not intercede to consider issues that Borrero has an opportunity to raise before the state court.  Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here, Borrero is admittedly a pretrial detainee in the course of ongoing state criminal proceedings; thus state proceedings

implicating important state interests are currently in progress and he has the opportunity to raise his double jeopardy claim in that proceeding.  Thus, this Court is constrained by <u>Younger</u> to dismiss this claim without prejudice.

Further, if Borrero is eventually convicted of the alleged charge in his now-pending state criminal trial (or if he has since been convicted since filing this action), he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claims of prosecutorial misconduct or denial of due process.  <u>See</u> <u>Preiser</u> <u>v. Rodriguez</u>, 411 U.S. 475 (1973).

Therefore, this claim will be dismissed without prejudice because plaintiff fails to state a claim at this time.

## V.   <u>CONCLUSION</u>

Therefore, for the reasons set forth above, plaintiff's claims alleging excessive force and denial of medical care in violation of his Fourteenth Amendment rights will be allowed to proceed at this time against all defendants.  However, the claim seeking dismissal of the state criminal charges against him on double jeopardy grounds will be dismissed without prejudice, for failure to state a claim at this time, pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.

JOSE L. LINARES
United States District Judge

Dated:  10/9/07

14